IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CAPSTAR BANK, a Tennessee state chartered bank,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**ELIZABETH PERRY,** )<br>)<br>**Defendant.** )<br>) | Case No. _____ |

## COMPLAINT

Plaintiff CapStar Bank, a Tennessee state chartered banking corporation ("CapStar"), for its Complaint against defendant Elizabeth Perry ("Defendant") hereby states and alleges as follows:

### I.
### SUMMARY OF CASE

This is a suit to recover amounts owed under Defendant's guaranty, which among other things, guaranteed the repayment of amounts loaned pursuant to a promissory note executed by Borrowers (as defined herein). The promissory note has matured and Borrowers and Defendant have failed to make payment when due. Therefore, Defendant is in default of her guaranty. As such, CapStar is entitled to judgment against Defendant for all amounts owed under the promissory note and the other loan documents.

### II.
### PARTIES

1. CapStar is a Tennessee state charted bank and a citizen of the State of Tennessee, with its principal place of business located at 1201 Demonbreun Street, Suite 700, Nashville, Davidson County, Tennessee.

2. Defendant is a citizen of the State of Texas, and, upon information and belief, she resides at 1701 Brackenridge Street, Austin, Travis County, Texas 78704-3513.

## III.
## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), insofar as the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Under 28 U.S.C. § 1391(b), this Court is the proper venue because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims stated herein occurred.

5. Pursuant to Paragraph 18 of the Guaranty (as defined herein), Defendant consented to this Court's jurisdiction and agreed that this Court has exclusive venue over this matter.

## IV.
## FACTUAL ALLEGATIONS

6. Sure Haven, a California corporation ("Sure Haven"), Solid Landings Behavioral Health, Inc., a California corporation ("Solid Landings"), Rock Solid Recovery, a California corporation ("Rock Solid"), Long Beach Recovery, Inc., a California corporation ("Long Beach"), Hope's Landing, a California corporation ("Hope's Landing"), EMS Management, Inc., a California corporation ("EMS Management"), Asana Recovery, a California corporation ("Asana"), Milo's Way, a California corporation ("Milo's Way"), Recovery Information Services, LLC, a Delaware limited liability company ("RIS"), H&J Toxicology, LLC, a Delaware limited liability company ("H&J"), Recovery Advisors, LLC, a Delaware limited liability company ("Recovery Advisors"), Cedar Creek Recovery, Inc., a Texas corporation ("Cedar Creek"), Sage Creek Toxicology, Inc., a Texas corporation ("Sage Creek"), Silver Rock

Recovery, a Nevada corporation ("Silver Rock"), EMS Toxicology, a Nevada corporation ("EMS Toxicology"), The Breakers Rentals @ Long Beach, a California corporation ("Breakers"), Mauna Loa Management, Inc., a California corporation ("Mauna Loa," and collectively with Sure Haven, Solid Landings, Rock Solid, Long Beach, Hope's Landing, EMS Management, Asana, Milo's Way, RIS, H&J, Recovery Advisors, Cedar Creek, Sage Creek, Silver Rock, EMS Toxicology, and Breakers, the "Borrowers," each individually a "Borrower"), Defendant, and CapStar, among others, executed that certain *Loan and Security Agreement* dated as of November 20, 2015 ("Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as ***Exhibit A***.

7. The Borrowers executed that certain *Amended and Restated Revolving Note* dated August 30, 2016, issued jointly and severally to the order of CapStar, in the original principal amount of $9,200,000.00, ("Revolver"). A true and correct copy of the Revolver is attached hereto as ***Exhibit B***.

8. CapStar is the holder and payee of the Revolver.

9. In order to induce CapStar to extend credit to Borrowers, Defendant executed that certain *Guaranty Agreement* dated November 20, 2015 ("Guaranty"), wherein she guaranteed the full and prompt payment and performance of the Obligations (as defined in the Loan Agreement), among other debts owed to CapStar, which such Obligations include the Revolver. A true and correct copy of the Guaranty is attached hereto as ***Exhibit C***. The Guaranty, Loan Agreement, and Revolver, plus any other documents executed in connection therewith or related thereto, at any time, shall be referred to herein as the "Loan Documents."

10. The Revolver matured on November 20, 2016, at which time, all outstanding amounts under the Revolver became due and payable to CapStar ("Revolver Maturity Date").

11. Borrowers have failed to make payment when due.

12. Defendant has failed to make payment when due.

13. The Revolver is enforceable in accordance with its terms.

14. The Loan Agreement is enforceable in accordance with its terms.

15. The Guaranty is enforceable in accordance with its terms, except as explicitly set forth in the Conditional Release Agreement (as defined herein).

16. The other Loan Documents are enforceable in accordance with their terms.

17. Solid Landings, Sure Haven, Cedar Creek, Silver Rock, and EMS Toxicology ("Filing Debtors") each filed a Chapter 11 bankruptcy petition on June 1, 2017, in the United States Bankruptcy Court for Central District of California, Santa Ana Division, Case Nos. 8:17-bk-12213-CB, 8:17-bk-12223-CB, 8:17-bk-12218-CB, 8:17-bk-12222-CB, and 8:17-bk-12221-CB, respectively ("Bankruptcy Cases").

18. In connection with the Filing Debtors' Bankruptcy Cases, CapStar agreed to the provide the Filing Debtors with debtor-in-possession ("DIP") financing pursuant to that certain *Debtor-in-Possession Loan and Security Agreement* dated June 1, 2017 ("DIP Loan Agreement") and accompanying promissory note ("DIP Note," the funding under the DIP Loan Agreement and DIP Note shall be referred to herein as the "DIP Loan").

19. In connection with the Filing Debtors' Bankruptcy Cases, Defendant and CapStar, among other parties, entered into that certain *Conditional Release Agreement* dated June 1, 2017 ("Conditional Release Agreement"). A true and correct copy of the Conditional Release Agreement is attached hereto as ***Exhibit D***.

20. Pursuant to the Conditional Release Agreement, CapStar and Defendant agreed that the amount owed pursuant to the Guaranty was capped at $8,000,000.00 ("Capped Amount").

21. Pursuant to the Conditional Release Agreement, the Capped Amount shall be reduced by any principal draws on the amount funded under the DIP Loan Agreement.

22. A total principal amount of $1,681,556.81 was funded under the DIP Loan.

23. The Conditional Release Agreement contained numerous Release Conditions (as defined in the Conditional Release Agreement) that were required to be satisfied prior to CapStar and Defendant executing the Mutual Release (as defined in the Conditional Release Agreement).

24. None of the Release Conditions (as defined in the Conditional Release Agreement) were satisfied.

25. CapStar has fully performed all of its obligations under the Revolver by advancing to Borrowers, jointly and severally, an amount in excess of $9,200,000.00.

26. CapStar has fully performed all of its obligations under the Loan Agreement.

27. CapStar has fully performed all of its obligations under the Guaranty.

28. CapStar has fully performed all of its obligations under the other Loan Documents.

29. CapStar has fully performed all of its obligations under the Conditional Release Agreement.

30. As of September 1, 2017, Debtor is indebted, with respect to the Loan Documents, to CapStar in a principal amount not less than $6,318,443.19, plus interest, late fees, and potentially other charges (principal, interest, and late fees, and other charges, plus any other amounts due under the Loan Documents, which continue to accrue, including attorney fees and expenses, are herein referred to as the "Indebtedness").

# V.
# CAUSES OF ACTION
## First Cause of Action — Breach of Contract (Guaranty)

31. CapStar restates and re-alleges the above paragraphs as if fully set forth herein.

32. The Guaranty is enforceable in accordance with its terms.

33. Under the terms of the Guaranty, Defendant guaranteed the full and prompt payment and performance of the Obligations (as defined in the Loan Agreement), among other debts owed to CapStar, which such Obligations include the amounts owed under the Revolver and other Loan Documents.

34. CapStar has fully performed all of its obligations under the Guaranty.

35. CapStar has fully performed all of its obligations under the Conditional Release Agreement.

36. None of the Release Conditions (as defined in the Conditional Release Agreement) were satisfied.

37. Defendant has failed to make payment when due.

38. Defendant has breached and is in default of her Guaranty for her failure to make payment when due.

39. As a direct and proximate result of Defendant's failure to pay CapStar as required under the terms of her Guaranty, CapStar has suffered damages in an amount not less than the Indebtedness.

40. Pursuant to the terms of the Guaranty, CapStar is entitled to recover from Defendant its costs of collection, including reasonable attorney fees and expenses, all court and other costs.

# VI.
# PRAYER FOR RELIEF

WHEREFORE, CapStar, respectfully prays that this Court:

(a)     Enter judgment in favor of CapStar and against Defendant in the total amount of the Indebtedness as of the date of judgment, plus post-judgment interest at the highest rate allowed by law, and the costs of collection, including without limitation, attorney fees and expenses and all court costs; and

(b)     Award CapStar such other relief as is necessary and appropriate.


September 1, 2017.                              Respectfully submitted,


/s/ *J. Patrick Warfield*
David W. Houston IV (Sup. Ct. No. 020802)
J. Patrick Warfield (Sup. Ct. No. 030502)
Payton M. Bradford (Sup. Ct. No. 035053)
BURR & FORMAN LLP
511 Union Street, Suite 2300
Nashville, Tennessee 37219
(615) 724-3230     Fax: (615) 724-3330
dhouston@burr.com; pwarfield@burr.com;
pbradford@burr.com

*Attorneys for CapStar Bank*